IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MICHAEL LACEY STEWART        *
#174 188
    Plaintiff,                *

    v.                        *        2:07-CV-357-MHT
                                                        (WO)

DONAL CAMPBELL, *et al*.,    *

    Defendants.              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, files this 42 U.S.C. § 1983 action complaining that he is being subjected to unconstitutional conditions of confinement. Named as defendants are ex-Commissioner Donal Campbell, Commissioner Richard Allen, Governor Bob Riley, and President George W. Bush. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against President Bush prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

The court understands Plaintiff to bring suit against President Bush as a federal official under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).[2] Liability in a *Bivens* action arises only upon a showing of personal participation by the named defendant and there is no *respondeat superior* liability in a *Bivens* suit. *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) (no *respondeat* liability in *Bivens* actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Simpkins v. District of Columbia Gov't,* 108 F.3d 366, 369 (D.C. Cir. 1997) (complaint must allege personal involvement by government official in events giving rise to constitutional claim under *Bivens*). As there is no allegation of any personal involvement by President George W. Bush in the alleged conditions of confinement claim, a *Bivens* claim against him cannot succeed.

Moreover, President Bush enjoys presidential immunity from suit for damages for conduct that is part of the President's official duties. *Forrester v. White,* 484 U.S. 219, 225 (1988); *Nixon v. Fitzgerald,* 457 U.S. 731, 756-58 (1982). Thus, President Bush is immune from damages liability for his official actions.

In light of the foregoing, there is no legal basis on which Plaintiff's claims against Defendant Bush may proceed. This defendant is, therefore, due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

---

[2] A *Bivens* action is a civil action against federal officials for injuries to a constitutionally protected interest.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against President George W. Bush be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii);

2. President Bush be DISMISSED as a Defendant to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 24, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE