IN The District Court of the United States
For the Middle District of Alabama
Northern Division

Michael Lacey Stewart - AIS# 174188                    Civil Action NO: 2:07-cv-357 MHT
        Plaintiff - Pro-se
            -v-
Donald Campbell. et. Al,
        Defendants

## Response To Defendants' Defenses

Comes Now the Plaintiff, Pro-se, IN the above styled Cause Respectfully moves this Honorable Court to grant Plaintiff Complaint and proceed with the Matter At Law. The Plaintiff states the following:

(1.) That Plaintiff is due the awarding of punitive damages on account of Plaintiff being Tranferred to Ventress Corr Fa. Knowing or should have Known about the T.B. problem and other health problems here at Ventress Corr Fa. The Defendants' Should have known about these Problems. Before Plaintiff was Place here at Ventress.

(2.) That Plaintiff will show by Affidavits and documents that the Defendants and Ventress Corr Fa. failure to perform their procedures in full are in direct relation to Plaintiff health an welfare and well being.

(3.) That Plaintiff Claims Are Allowed under the Eleventh amendment of the United States Constitution. IN Delaware -v- Van Aradall, 89L.Ed.2d. 674, 692, This Court stated: ... The Court will not pass upon a (federal) Constitutional.

-1-

question although Properly Presented by the record, if these is also Present some other ground upon which the case may be disposed of." Ashwander -v- T.V.A. 297 U.S. 288, 346-347, 80 L.Ed 2d. 688, 56 S.Ct. 466 (1936) Concurring Opinion).

(4.) That Plaintiff defense to Defendants' $16^{th}, 17^{th}$ and 19th defenses as the Supremacy Clause of the United states Constitution mandates that State Concapte of covereign inmunity cannot protect defendants in a cause of action based on a federal statute. Moore -v- Alabama State Univ. 945 F. Supp. 235 (M.D. Ala, 1996)

(5) That Plaintiff avers that Defendants' defense is not based on factual evidance therefore Defendants' statement is based on opinion not established by merits or evidence.

(6.) That Plaintiff avers that this Court jurisdiction is properly invoked Pursuant to the fourteenth Amandment of the United states Constitution And 42 U.S.C. §1983.

(7.) That Plaintiff avers that his complaint is against the Defendants' and Ventress Prison Health Service Personally holds them liable for what has happen to me. My TB treatment and my skin cancer suffered while under Ventress custody and not against the Prison conditions Thus, 42 U.S.C. 1997e(a) does not apply to this complaint.

(8.) That Plaintiff Claims for money damages can be awarded under 42 U.S.C. - 1997(e) because Plaintiff will show Cancer sores on right side of face cause by to much sun Light while under Protective Custody while here at Ventress Corr FA.

-2-

(9.) That Plaintiff Avers that Defendants have exceeded the Authority of this Honorable Courts decision to allow the Plaintiff to proceed informa-Pauparis And this issue has been Addressed by this Honorable court And fully understood by the Plaintiff. IN Rivera-v-Allin, 144 F.3d 719 at 722 (11th Cir. 1998) this Court stated;

> [I]f A Prisoner bring A civil Action or files AN appeal informa Pauperis, The Prisoner Shall be required to Pay the full Amount of A filing fee. The Court Shall Assess And, when funds exist [emphasie Added], Collect As partial Payment of Any Court fees required by LAW, AN initial partial filing fee ... [followed by] monthly Payments.

(10.) That Patitioner is willigg to conceed to the dismissal of the Defendants (Job-titles) But in their official And individual CAPACities Pursuant to Turquitt-v-Jefferson County, Alabama, 137 F.3d 1285 (11th Cir. 1998) And Eleventh Amandment of the United States Constitution, however, Patition Should not be dismissed on account of the removal of the Defendants Because of the states job titles that they hold.

(11.) The Defendants Should Know that by being around People that have the TB germ And Myself and others making Contact with these People Such as going to the chow-Hall an Ect. Medical Proof states that it can be Tranferred by coughing in some one-Face or Contacted with Dirty Clothing or Bed sheets. Exhibit D, page-14 That is why defense burden of Proof is upon themselve's. To disprove the Plaintiff Complaint not being true. But the medical Fax's are true to the Exhibits

(12) The Defendants defense of Assumption of the risk by Plaintis with out merits And Should be rendered (Moot) by this Honorable Court.

Furthermore the Plaintiff states that on account that he could not change his living conditions nor change the condition or environment around him dose constitute Assumption of risk.

(13.) The Defendants' and defense of Astoppel should be denied.

(14.) That Plaintiff claims for punitive damages are not barred by the Provisions of Alabama Code (1975) §6-11-20, as stated IN Defendants' 43rd. dentense §6-11-20 states:

... Other than in Atort Action where it is proven by clear Convincing evidence that a defendant consciously or deliberately engaged in oppression, fraud, wantonness, malice with regard to the Plaintiff.

(15.) The Plaintiff has filed his entire complaint Pro-se therefore Areas of his Complaint and answer may lack the necessary details that a Professional would not have overlooked. IN <u>Haines -v- Kerner, 404 U.S. 519</u>, 30 L. Ed 2d, 652, 92 S.CT. 594 (1972) states:

The united states supreme court holds allegations of a Pro-se Complaint [s] to Less stringent standards than formal Pleadings drafed Lawyer's
And
A Complaint should not be dismissed for failure to state A claime unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him relief.

— 4 —

(16.) That the Defendants can be held responseable in their offical and individurl Capacities. The Defendants are not immune from Punitive damages under 42 U.S.C. §1983, Wallace -v- City of Montgomery. 956 F. supp. 965 this Court held that "[T]o hold a public employer liable under §1983 there must be Causal Connection between City's responsibilty and Plaintiffs' purported injuries" and "one way to establish existence of policy or custom sufficient to impose §1983 liability on municipal goverment is to show that Individuals from whose actions Liability Arises, have final decision making Authority."

(17.) Wherefore the premises Considered, the Plaintiff prays that this Honorable Court Allow the Complaint to preceed and order ay additional relief the Plaintiff may be entitled.

Respectfully submitted
S/ Michael Lacey Stewart
28. U.S.C. 1746
Michael Lacey Stewart - AIS# 174188

Certificate of Service

I Michael L. Stewart, Hereby Certify that on the 12th day of July 2007 I have Placed a copy of the foregoing in the U.S. Mail Box. Postage Affixed by the Plaintiff-Michael L. Stewart

Respondants
Donald Campbell, et al.,
Richard Allen et al.,
Bob Riley et al.,
Troy King et al.,

Respectfully Submitted
S/ Michael Lacey Stewart
Michael L. Stewart - AIS# 174188
28. U.S.C. 1746

-5-

NAME Michael Lacey Stewart AIS # 174188 DORM # H-1
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

Legal mail

## Affidavits

(1.) I Michael L. Stewart Plaintiff States the following statements to be true as I know them.

(2) I Michael L. Stewart was a Prisoner in the Shelby, County, Jail, from the year of 1998 Until the year of 1999 And I was in good health at that time.

(3.) With in the same year of 1999 I was in good health when I was Tranferred to Lime stone, Corr Fa. Where I remained Unit the year of 2003 And I was still in good health then.

(4.) Due to the Alabama Prison's being over crowed - myself and 1424 Inmate's were Tranferred out of state to a private Prison. In the state of Mississippi I was there from the year of 2003 Unit the year 2004. And while I was there I was in good health. Because we were not made to get out of our Dorm's and have to set or stand in the Sun Light for one hour - 45 min. A day with no way to get in the shade. Because the rule here at Ventress. We are not allowed to stand-up against any of the building - or to - stand under any Kinded of Roofing in front of the Dorm's. The officer's will make you get out from under them. And stand out in the open yard directly in the Sun Light.

(5) I Michael L. Stewart - Plaintiff make my statement to this Honorable Court That the Defendants did not have my health or protection in concern at the time I was being Tranferred to an out of state Prison.

(6.) I Michael L. Stewart - Plaintiff was not asked by any one if I would sign an interstate - compake - agreement to be Tranferred out of the state of Alabama So by the Defendants Allowing this to be done. Is a Violation of Plaintiff Constitutional Rights.

(7.) The statements that I Michael L. Stewart have made are true from what I have heard on the T.V. reports Channel 12 news Montgomery, Ala. Also News Paper's Reports an NPR Broad-casting from Troy, univ, of Alabama, Have stated these Fax's here at Ventress. T.B. and staff being higher than any where In the state.

-6-

## Certificate of Compliance

Michael Lacey Stewart Herein Avows and states to the best of his knowledge and belief he has complied with the recent revised Rules of the Middle District Court of Alabama Northern Division. Plaintiff Respectfully moves this Honorable Court to grant Plaintiff Complaint and proceed with the matter at Law.

As to the contents and format governing same and he ask that any mistakes or errors in it are not intentional and Plaintiff as a Pro-se Layman ask this Honorable Court of the Northern District Court to accept it as is for justifiable reason or for any other reasons.

It is so prayed

Respectfully submitted
S/ Michael Lacey Stewart
28. U.S.C. 1746
Michael L Stewart - AIS# 174188
Plaintiff - Pro-se
Ventress Correctional Facility
P.O. Box 767 Clayton, ALA, 36016-767

Subscribed and sworn
to on this day 12th of July 2007
S/ Michael Lacey Stewart
28. USC. 1746

-7-